**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Lynn Matthews, | No. CIV 11-290-TUC-LAB |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Pending before the court is the defendant's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). (Doc. 32)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g). In an order issued on July 12, 2012, this court reversed the Commissioner's final decision and remanded the case for payment of benefits. The Commissioner then filed the pending motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) arguing this action should be remanded for further proceedings, not for payment of benefits.

Discussion

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the

1  moving party presents newly discovered or previously unavailable evidence; 3) the motion is
2  necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law."
3  *Turner v. Burlington Northern Santa Fe R. Co.*,   338 F.3d 1058, 1063 (9th Cir. 2003)
4  (punctuation modified).

5  In this case, the Commissioner does not argue there has been "an intervening change in
6  controlling law," he has newly discovered evidence, or this court has committed "manifest
7  errors of law or fact." *See Turner*, 338 F.3d at 1063.  Neither does the Commissioner present
8  any evidence that this court's resolution of the case will result in "manifest injustice."  *Id*.
9  Instead, the Commissioner argues the court erred when it remanded the case for payment of
10 benefits rather than for further proceedings.  (Doc. 32)  A remand for further proceedings, he
11 maintains, would better accord with the intent of the statutory scheme. *Id*.  He urges the court
12 to exercise its discretion and amend the judgment accordingly. *Id*.

13 The Commissioner, however, already made this argument in his response to the
14 plaintiff's opening brief. (Doc. 28, pp. 23-24)  The court considered it and implicitly rejected
15 it.  (Doc. 30)  A Rule 59(e) motion should not be used to reargue issues that have already been
16 resolved. *See Mertens v. U.S.*, 2012 WL 2675117 *2 (D.Idaho 2012) ("The Rule 59(e) motion
17 may not be used to relitigate old matters, or to raise arguments or present evidence that could
18 have been raised prior to the entry of judgment.").  Accordingly,

19 IT IS ORDERED that the defendant's motion to alter or amend judgment pursuant to
20 Fed.R.Civ.P. 59(e) is DENIED.  (Doc. 32)

21 DATED this 24th day of October, 2012.

Leslie A. Bowman
United States Magistrate Judge

- 2 -