**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer L. Matthews, ) | No. CIV 11-290-TUC-LAB |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Michael J. Astrue, Commissioner of ) Social Security, ) | |
| Defendant. ) | |

Pending before the court is the plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), filed on December 18, 2012. (Doc. 35)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g). In an order issued on July 12, 2012, this court reversed the Commissioner's final decision and remanded the case for payment of benefits. The plaintiff moves for attorney's fees in the amount of $4,632.56 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 35, p. 3)

The government filed a response agreeing to pay fees in the amount $4,632.56. (Doc. 37) The government, however, argues the payment should go to the plaintiff, not the plaintiff's counsel, citing *Astrue v. Ratliff. Id.* The government is correct. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant and is

1  therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the
2  United States.").

3        The plaintiff assigned her claim to her attorney, but that assignment runs afoul of the
4  Assignment of Claims Act, 31 U.S.C. § 3727(b), which forbids the assignment of claims against
5  the U.S. government until after those claims are actually allowed. Accordingly, this court will
6  not order the government to issue payment directly to the plaintiff's counsel.

7        In her reply brief, the plaintiff asks for an additional award of $368.64 for the 2.0 hours
8  of work that was spent preparing her reply brief. (Doc. 39) The court will allow this additional
9  award because the time spent litigating the EAJA issue is compensable. *Smith v. Astrue*, 2012
10 WL 3114595 (N.D.Cal. 2012).

12       IT IS ORDERED that the plaintiff's motion for attorney's fees pursuant to the Equal
13 Access to Justice Act (EAJA), filed on December 18, 2012, is GRANTED in PART. (Doc. 35)
14 The plaintiff is awarded the sum of $5,001.20.

15       The court will not order the Commissioner to issue payment directly to Matthew's
16 attorney. *See Smith v. Astrue*, 2012 WL 3114595 (N.D.Cal. 2012).

17       The court observes that the government could, after subtracting any offset, waive the
18 requirements of the Assignment of Claims Act and make payment directly to the plaintiff's
19 counsel. *See Lobato v. Astrue*, 2012 WL 3155699 (N.D.Cal. 2012).

20       The government did not have a formal opportunity to respond to the plaintiff's request
21 for an additional award of $368.64 for the 2.0 hours of work that was spent preparing the reply
22 brief. If the government wishes to be heard on this issue, it may file a motion for
23 reconsideration in accordance with LRCiv 7.2(g).

24       DATED this 11th day of February, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 2 -