**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer L. Matthews, | No. CIV 11-290-TUC-LAB |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Pending before the court is the plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b), filed on March 18, 2013. (Doc. 41)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g). In an order issued on July 12, 2012, this court reversed the Commissioner's final decision and remanded the case for payment of benefits. On February 11, 2013, this court granted the plaintiff's motion for attorney's fees in the amount of $5,001.20 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 40) In the pending motion, the plaintiff's counsel moves for an order allowing him 25 percent of the claimant's past-due benefit award pursuant to their contingent-fee agreement, less the amount already awarded under the EAJA. Neither the claimant nor the Commissioner filed a response to the motion.

Magistrate Judge Leslie A. Bowman presides over this action pursuant to 28 U.S.C. § 636(c).  (Doc. 19)

Discussion

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002), the Supreme Court considered the interplay between social security contingent-fee agreements and the dictates of 42 U.S.C.A. § 406(b)(1)(A), which reads in pertinent part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C.A. § 406(b)(1)(A).

The Court held "that § 406(b) does not displace contingent-fee agreements." *Id*. at 808, 1829.  "[I]nstead, §406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 809, 1829.

When considering a fee request, the court should start with the agreement and then test it for reasonableness.  *Id*. at 808, 1828.  Recovery may be reduced because of the quality of the representation, because of unreasonable delay, or because "the benefits are large in comparison to the amount of time counsel spent on the case." *Id*.

In the pending motion, counsel moves for an award of $20,401.50, which is 25% of the claimant's past-due benefits in accordance with the contingent-fee agreement.  (Doc. 41)  He asserts he and his paralegal spent 28.6 hours on the case resulting an effective hourly rate of $713.34.  (Doc. 41, p. 6)

Upon review of the case file, the court finds that counsel's prosecution of this action fell within the broad range of competent representation.  The court finds no reason to reduce the award based on the quality of the representation.  Neither did counsel engage in unreasonable delay.  The court is concerned by the size of the award in relation to the number of hours spent.  The Ninth Circuit, however, has approved effective hourly rates of $519, $875, and $902

without finding that they are unreasonable. *See Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009) (Clifton, J., concurring in part and dissenting in part).  Accordingly,

IT IS ORDERED that the motion for attorney's fees pursuant to 42 U.S.C. § 406(b), filed on March 18, 2013, is GRANTED.  (Doc. 41) Counsel is awarded $20,401.50 less the $5,001.20 previously awarded under the Equal Access to Justice Act (EAJA) resulting in a net award of $15,400.30.

DATED this 22nd day of August, 2013.

Leslie A. Bowman
United States Magistrate Judge